UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN CLEMENTS, | ) | |
| | ) | Case No. 08 C 02509 |
| Plaintiff, | ) | |
| | ) | Judge Hart |
| | ) | |
| v. | ) | Magistrate Judge Nolan |
| | ) | |
| CHICAGO POLICE OFFICER JAMES MOLONEY, Star No. 14332, and CHICAGO POLICE OFFICER ALEJANDRO CABRAL, Star No.4855 | ) ) ) ) ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT JAMES MOLONEY'S[1] ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, James Moloney ("Officer Moloney"), by one of his attorney, Suyon Reed, Assistant Corporation Counsel, hereby submits his answer, affirmative defenses, and jury demand to Plaintiff's Complaint as follows:

**COUNT I**
**(DEPRIVATION OF CIVIL RIGHTS, EXCESSIVE FORCE)**

1. This is an action for civil damages brought pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

**ANSWER:** Defendant Moloney admits the allegations contained in this paragraph.

2. Defendants, CHICAGO POLICE OFFICER JAMES MOLONEY, Star #14332, and CHICAGO POLICE OFFICER ALEJANDRO CABRAL, Star #4855, are, and at all times material hereto, were sworn Chicago Police Officers employed by the City of Chicago acting in the capacity of a sworn law enforcement official and acting within the scope of their authority.

---

[1] Defendant Moloney only answers for himself and makes no answer for any other named or unnamed Defendants.

**ANSWER:**   Defendant Moloney admits that at the time of this incident he was employed by the Chicago Police Department as a sworn law enforcement official and was acting within the scope of his authority.

3.   Plaintiff, ALAN CLEMENTS, at all times relevant hereto was living in the Northern District of Illinois.

**ANSWER:**   Defendant Moloney lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

4.   On February 3, 2008, in the evening hours, the plaintiff was in his home at 7753 S. Saginaw, Chicago, Illinois. The DEFENDANT OFFICERS arrived at the home of Plaintiff and entered the plaintiff's residence.

**ANSWER:**   Defendant Moloney admits that the plaintiff was present when he arrived at the residence of 7753 S. Saginaw. Defendant Moloney lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

5.   Defendants confronted the plaintiff who was unarmed and not engaged in any criminal conduct. The defendants then proceeded to assault and batter the plaintiff and throw him to the floor.

**ANSWER:**   Defendant Moloney denies the allegations contained in this paragraph.

6.   As a direct and proximate cause of the wrongful acts of defendants, plaintiff, ALAN CLEMENTS, suffered physical injuries and psychological injuries, as a consequence of which he has endured great pain and suffering.

**ANSWER:**   Defendant Moloney denies the allegations contained in this paragraph.

7.   Following the assault the plaintiff was taken to South Shore Hospital where he was admitted with multiple broken ribs and other injuries.

**ANSWER:**   Defendant Moloney denies that the plaintiff was assaulted. Defendant Moloney admits that the plaintiff was admitted to South Shore hospital with injuries.

8.   The acts of the defendant officers were a deliberate and malicious deprivation of

Plaintiff's Constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, as made applicable to the states by the Fourteenth Amendment.

**ANSWER:**   Defendant Moloney denies the allegations contained in this paragraph.

WHEREFORE, Defendant Moloney respectfully requests that this Court enter judgment in his favor as to COUNT I of plaintiff's complaint, award defendant such cost and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II
## (PENDANT STATE CLAIM OF COMMON LAW BATTERY)

9.   Plaintiff realleges paragraphs 2 through 8 of Count I, as if fully set forth at this point.

**ANSWER:**   Defendant Moloney hereby restates and incorporates his answers to paragraphs 2 through 8 of Count I, as if fully stated herein.

10.   The defendant officers caused physical injuries to the plaintiff without any provocation or lawful justification and thereby committed a battery on the plaintiff.

**ANSWER:**   Defendant Moloney denies the allegations contained in this paragraph.

11.   The unlawful conduct of the defendant officers proximately caused great bodily harm and psychological injuries to the plaintiff.

**ANSWER:**   Defendant Moloney denies the allegations contained in this paragraph.

WHEREFORE, Defendant Moloney respectfully requests that this Court enter judgment in his favor as to COUNT II of plaintiff's complaint, award defendant such cost and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.   Defendant Moloney is entitled to qualified immunity as a matter of law. Defendant Moloney is a government official who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and

circumstances that confronted the officer could have believed his actions to be lawful, in light of clearly established law and the information that defendant possessed. Therefore, Defendant, is entitled to qualified immunity as a matter of law.

2.     To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (1994).

3.     Defendant Moloney is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

4.     At the time of the events alleged in the Plaintiff's complaint, Defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion. Defendant is not liable for any of the claims alleged because the decision to arrest plaintiff was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201.

5.     Defendant Moloney was working as a Police Officer at the time of this incident. Therefore, as to all state claims alleged by plaintiff, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

6.     To the extent that Plaintiff has alleged any state law claims, if Defendant is liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of plaintiff, which was the proximate cause of these

injuries and damages. Any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7.　　Defendant Officer Moloney was justified in the use of force against Plaintiff because he reasonably believed that such force was necessary to prevent bodily harm to himself or others. 720 ILCS 5/7-1 and/or 720 ILCS 5/7-5 (West 2007).

8.　　"'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation.'" Payne v. Chuchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (citations omitted).

9.　　To the extent plaintiff is making claims based on State of Illinois laws, the statute of limitations for state law claims against municipality or its employees is one year. 745 ILCS 10/8-101 (West 2006). All state law claims directed to Defendants that are beyond the one year period should be dismissed as beyond the statute of limitations.

10.　　That any injuries or damages claimed by the Plaintiff against Defendant Moloney was caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendant Moloney was liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in

Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2002) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## **CONCLUSION**

WHEREFORE, Defendant James Moloney respectfully requests that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

**DATED: JULY 15, 2008**

                                        Respectfully submitted,

                                        /s/ Suyon Reed
                                        SUYON REED
                                        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 6280973